

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TERRELL MCCOY,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN JOHN PALMER,<br>　　　　Respondent. | §<br>§<br>§<br>§　Civil Action No. 9:23-089-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING AMENDED PETITION WITH PREJUDICE,
AND DEEMING AS MOOT PETITIONER'S OTHER MOTIONS**

Petitioner Terrell McCoy (McCoy) filed an amended petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden John Palmer (Palmer).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Palmer's motion for summary judgment, dismiss McCoy's petition with prejudice, and deny as moot McCoy's other motions. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 15, 2023. The Clerk's Office docketed McCoy's objections on December 21, 2023. Palmer replied on January 4, 2024.

As an initial matter, McCoy contends the Magistrate Judge failed to analyze his ground of relief premised on appellate counsel's failure to raise double jeopardy arguments. Palmer insists McCoy's petition contains no such claims.

The Court has reviewed the petition and the amended petition, and neither includes reference to double jeopardy claims. The Court will thus overrule McCoy's objections related to this purported ground.

Next, many of McCoy's objections amount to mere disagreements with the PCR court. Palmer posits McCoy misunderstands the standard on a Section 2254 petition.

As explained by the Magistrate Judge,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

28 U.S.C. § 2254(d).

In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

The Court agrees with Palmer's characterization of McCoy's objections, and determines many of them are thus irrelevant to its inquiry in this case. And, the Court has reviewed and agrees with the Magistrate Judge's determinations the PCR court reasonably applied federal law and came to a decision based on a reasonable determination of the facts. The Court need not repeat the Magistrate Judge's analysis here. The Court thus will also overrule those objections. To the extent McCoy raises other, applicable, specific objections, however, the Court will address them below.

McCoy points to an affidavit from his brother, Terance Prizzie (Prizzie), obtained after he filed his petition, to argue the Court should consider his actual innocence ground for relief. Palmer avers McCoy's actual innocence claim in incognizable as a freestanding claim in a habeas petition, and McCoy is unable to use new evidence in a federal habeas proceeding.

The affidavit attests McCoy was with Prizzie in Atlanta, Georgia, on the night of the murder, which took place in North Charleston, South Carolina, thus purportedly providing McCoy an alibi.

As the Magistrate Judge explained, the Supreme Court has failed to recognize a freestanding habeas claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.").

Moreover, a federal habeas court is unable to consider the merits of new evidence unpresented in state court unless the "factual predicate . . . could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

3

reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e).

McCoy has failed to show he was unable to discover the facts, an alibi from his brother, through the exercise of due diligence. As a result, the Court is precluded from considering the new evidence before it has been presented in state court.

The Court will thus overrule these objections, as well.

McCoy states in his objections the PCR court applied the incorrect standard in evaluating his first claim for relief: ineffective assistance of trial counsel. It appears, however, he may have meant to refer to the Magistrate Judge, rather than the PCR court, so the Court interprets the objection as such below. Although Palmer failed to address this objection in his reply, he contends in his motion for summary judgment McCoy's knowing waiver of counsel precludes an ineffective assistance of counsel claim.

McCoy's first ground contends trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for allegedly advising McCoy, during a jail visit, to waive counsel at trial. As explained in the Report, McCoy indeed represented himself a trial after a colloquy with the trial judge in which he waived his right to counsel.

McCoy asserts the Magistrate Judge applied the standard articulated in *Faretta v. California*, 422 U.S. 806 (1975), rather than the standard articulated in *Strickland*. *Faretta* considers under what circumstances a criminal defendant's waiver of counsel is knowing and intelligent, and *Strickland* sets forth the standard for ineffective assistance of counsel.

Palmer maintains defense counsel made no mistakes, and thus was effective.

As the Magistrate Judge explained, to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate two elements: first, "counsel's performance was deficient,"

4

and second, "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial[.]" *Strickland*, 466 U.S. at 687.

The first element analyzes whether trial counsel provided "reasonably effective assistance." *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.*

The second element "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The defendant raising an ineffective assistance challenge has an affirmative obligation to prove prejudice. *Id.* at 693.

The Court agrees with the Magistrate Judge's determination the Court should uphold McCoy's *Faretta* waiver. Under *Faretta*, the trial judge must "determine whether the accused, who is seeking to manage his own defense, understands the consequences of waiving his Sixth Amendment right to counsel and is relinquishing that right knowingly and intelligently." *United States v. Cohen*, 888 F.3d 667, 672 n.2 (4th Cir. 2018) (explaining the purpose of a *Faretta* hearing). Because McCoy validly waived counsel, he is unable to show his trial counsel's advice changed the outcome of the proceeding and deprived him of a fair trial.

Therefore, the Court will overrule these objections, too.

McCoy objects to the Magistrate Judge's determination his third ground is procedurally defaulted. He contends both that it was raised in state court and that failure to consider the claim will result in a fundamental miscarriage of justice.

Again, Palmer neglected to address these objections in his reply. But, in his motion for summary judgment, he argued McCoy failed to raise the claim in his PCR proceedings.

McCoy's third ground posits "[a]ppellate counsel [was] ineffective for failing to raise trial counsel was ineffective for giv[ing] [McCoy] erroneous advice" regarding self-representation at trial. Report at 8.

Upon review of the record, it appears the Magistrate Judge correctly determined McCoy failed to raise this argument before in state court. True, he avers generally in his petition for writ of certiorari that appellate counsel failed to raise "several constitutionally valid appellate issue[s]." Petition for Writ of Certiorari, February 5, 2020. But, this argument fails to specifically raise trial counsel's alleged erroneous advise during direct appeal.

Moreover, as explained above in the discussion of ground one, even if appellate counsel had raised the argument, it would have been unsuccessful. Therefore, failure to consider this ground will result in no fundamental miscarriage of justice.

Accordingly, the Court will also overrule these objections.

McCoy also contends the Magistrate Judge misinterpreted his eighth ground for relief, maintaining it focuses on the ninety-day deadline to file a petition for writ of certiorari with the United States Supreme Court, rather than the one-year statute of limitations to file a Section 2254 petition with this Court. Palmer also fails to address this argument in his reply.

It appears Palmer's motion for summary judgment, and, by extension, the Report, misconstrue McCoy's eighth ground. But, McCoy's amended petition fails to clearly articulate it. For example, he cites to Section 2254(d)(2), which refers to neither the deadline to petition for writ of certiorari nor the statute of limitations to file a Section 2254 petition. It appears McCoy asks this Court to rule on whether he may petition the Supreme Court regarding his direct appeal.

In any event, this Court is without authority to opine on McCoy's deadline to file a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.5 ("For good cause,

6

a Justice may extend the time to file a petition for a writ of certiorari"). Only the Supreme Court itself may address this issue.

The Court will therefore also overrule these objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein. Therefore, it is the judgment of the Court Palmer's motion for summary judgment is **GRANTED** as provided herein, McCoy's amended petition is **DISMISSED WITH PREJUDICE**, and McCoy's other motions are necessarily **DEEMED AS MOOT**.

To the extent McCoy seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of January 2024, in Columbia, South Carolina.

> s/ Mary Geiger Lewis
> MARY GEIGER LEWIS
> UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.