

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| TERRELL MCCOY,<br>　　　　　　Petitioner,<br><br>vs.<br><br>WARDEN JOHN PALMER,<br>　　　　　　Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO.: 9:23-00089-MGL<br>§<br>§<br>§<br>§ |

---

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

---

### I.    INTRODUCTION

Petitioner Terrell McCoy (McCoy) filed an amended petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden John Palmer (Palmer).

Pending before the Court is McCoy's pro se motion for reconsideration under Federal Rule of Civil Procedure 59(e). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court McCoy's motion will be denied.

### II.    FACTUAL AND PROCEDURAL HISTORY

A South Carolina jury found McCoy guilty of murder during his second trial after his first trial resulted in a hung jury.

The Court previously granted Palmer's motion for summary judgment and dismissed McCoy's amended petition with prejudice. Twenty-four days later, McCoy delivered this motion to the prison mailroom. After the Clerk's Office docketed the motion, Palmer responded and

McCoy replied.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.     STANDARD OF REVIEW

Under Rule 59(e), a Court may alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).  Further, "mere disagreement [with a district court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082.  "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).

### IV.     DISCUSSION AND ANALYSIS

As an initial matter, McCoy's motion, which he delivered to the prison mailroom twenty-four days after the Court ruled on his petition, is timely.

Most of McCoy's motion merely reiterates the arguments he has repeatedly set forth and this Court, as well as the state court and the Magistrate Judge, have rejected.  Put simply, he has again failed to show the state court's determinations were unreasonable. *See Williams v. Taylor*,

529 U.S. 362, 411 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."). For this reason and the reasons explained in the Court's prior order and the Magistrate Judge's Report and Recommendation, his arguments fail.

The Court will briefly address, however, a few of McCoy's specific arguments of error.

McCoy insists he raised a double jeopardy claim the Court failed to consider. Palmer maintains McCoy neglected to properly raise this claim before the Court.

In McCoy's original petition, the 2254 form asked "[i]s there any ground in this petition that has not been presented in some state or federal court? If so, which grounds or grounds have not been presented, and state your reasons for not presenting them[.]"

In response, McCoy wrote "Double Jeopardy, my Appellate Counsel did not raise it. I raised it in my PCR application, my PCR Counsel did not raise it. I tried to raise it[,] but the PCR Judge would not let me speak unless my PCR counsel [spoke]." *Id.*

Although McCoy mentions double jeopardy in this answer, he failed to raise it elsewhere in the original petition. And, the amended petition fails to mention double jeopardy at all. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted).

Accordingly, the Court has failed to commit a clear error of law. Nor must it correct a manifest injustice, as it appears McCoy's double jeopardy claim is meritless. Thus, the Court will deny McCoy's motion to reconsider as to this argument.

Next, McCoy maintains the Court should consider the affidavit of his brother, Terance Prizzie's (Prizzie), attesting McCoy was with him in Atlanta, Georgia, on the night of the murder. He attempts to distinguish *McQuiggin v. Perkins*, 569 U.S. 383 (2013), which the Court cited in its original order. Palmer contends McCoy fails to present any proper basis for reconsideration.

Ground Seven of McCoy's amended petition raised an actual innocence claim. As explained in the Court's previous order, under *McQuiggin*, it is unresolved whether a petitioner may raise such a claim. *Id.* at 392.

But, in any event, McCoy failed to present the new evidence, i.e. the affidavit, to the state court. *See* 28 U.S.C. § 2254(e) (explaining a federal habeas court is unable to consider the merits of new evidence unpresented in state court to support a ground for relief unless the "factual predicate . . . could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

Here, as the Court previously held, the facts underlying the affidavit were available to McCoy at the time of trial. The Court is thus precluded from considering it as to his actual innocence claim and will deny the motion as to that ground.

But, McCoy argues in this motion actual innocence may sometimes be used to overcome the procedural default preventing the Court from considering his third ground. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

As the Court held in its previous order, and as the Magistrate Judge explained in great depth, McCoy's third ground for relief--arguing appellate counsel was ineffective for failing to raise ineffective assistance of trial counsel during his direct appeal—is procedurally barred because he failed to present it in state court.

Prizzie's affidavit, however, fails to present convincing evidence of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) (holding the Court should refrain from excusing the procedural bar unless a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial"). Indeed, the conveniently obtained affidavit from a family member fails to overcome the overwhelming evidence against McCoy in this case.

Nevertheless, McCoy asserts Prizzie's affidavit bolsters the trial testimony of Tonia Theus (Theus) that McCoy was out of town at the time of the murder. But, McCoy mischaracterizes Theus's testimony. Theus, McCoy's then-girlfriend, testified McCoy failed to sleep at home the night of the murder, and that usually occurred only when he was out of town. On cross-examination, however, she admitted she was unaware of where McCoy was on the night in question. Thus, Theus neglected to testify McCoy was out of town on the night of the murder.

The Court will thus deny McCoy's motion to reconsider based on the Prizzie affidavit.

McCoy also posits the Court should have stayed this case, rather than dismissing it, to allow him to exhaust his claims. Palmer fails to address this argument.

Because Section 2254 has a total exhaustion requirement, the Supreme Court held in *Rose v. Lundy*, 455 U.S. 509, 510 (1982), a court must dismiss a petition with both exhausted and unexhausted claims. Under *Rhines v. Weber*, 544 U.S. 269, 279 (2005), the Supreme Court clarified a court has discretion, in rare circumstances, to stay a proceeding to allow a petitioner to

exhaust his claims in state court. In either case, a petitioner may choose to refile his petition to omit the unexhausted claims. *Rose*, 455 U.S. at 510.

In this case, however, McCoy's third grounds for relief is procedurally defaulted, rather than unexhausted. Accordingly, the requirements of *Rhines* and *Rose* fail to apply. *See Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (reasoning when a state court would dismiss claims for their procedural failures, those claims are "technically exhausted" in the habeas context, because state court remedies are "'exhausted' when they are no longer available, regardless of the reason for their unavailability.").

The Court will therefore refrain from altering or amending the judgment in this case, and will deny the motion for reconsideration.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court McCoy's motion for reconsideration is **DENIED**.

To the extent McCoy requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 21st day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.