

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| TERRELL MCCOY, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 9:23-89-MGL |
| | § | |
| WARDEN JOHN PALMER, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION
AND DEEMING AS MOOT PETITIONER'S MOTION FOR JUDGMENT**

**I.    INTRODUCTION**

Petitioner Terrell McCoy (McCoy), who is representing himself, filed an amended petition for habeas corpus under 28 U.S.C. § 2254 against Respondent Warden John Palmer (Palmer). Pending before the Court are McCoy's motion to amend—which, as detailed below, the Court will construe as a motion for reconsideration under Rule 60(b)—his motion for judgment under Federal Rule of Civil Procedure 54(b), and his motion for reconsideration under Rule 60(b). Having carefully considered the motions, the responses, the reply, the record, and the applicable law, it is the judgment of the Court McCoy's motions for reconsideration will be denied, and his motion for judgment will be necessarily deemed as moot.

## II.   FACTUAL AND PROCEDURAL HISTORY

McCoy was convicted of murder in state court.  He thereafter filed an amended petition for habeas corpus in this Court.  The Court granted Palmer's motion for summary judgment and dismissed McCoy's petition with prejudice.  Additionally, the Court denied McCoy's motion for reconsideration under Federal Rule of Civil Procedure 59(e).

The Clerk of Court thereafter docketed McCoy's motion to amend, motion for judgment, and motion for reconsideration.  Palmer responded, and McCoy replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows the Court to grant relief from judgment because of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; a void, satisfied, released, or discharged judgment; or for any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Generally, "[a] motion under Rule 60(b) must be made within a reasonable time."  If, however, the motion is based upon mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, it must be made "no more than a year after the entry or the judgment . . . ."  *Id.* at 60(c)(1).

To obtain relief under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense [or claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).  "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)."  *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

IV.     **DISCUSSION AND ANALYSIS**

As an initial matter, in McCoy's motion to amend, he asserts the district court failed to address the ineffective assistance claims raised in his amended petition. McCoy neglects, however, to posit a new claim that might justify an amendment under Rule 15. Accordingly, the Court will construe the motion as one for reconsideration under Rule 60(b) and proceed to consider the merits of this motion, as well as McCoy's other motion for reconsideration.

As the Court explained above, the threshold requirements of Rule 60(b) obligate a party to demonstrate "(1) timeliness, (2) a meritorious defense [or claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank*, 859 F.3d at 299. Here, the Court need only consider the second element to conclude McCoy is unentitled to relief from judgment.

McCoy claims the Court failed to address his claims trial counsel was ineffective in failing to subpoena witnesses and obtained evidence. But, as the Court explained in its order granting summary judgment, McCoy validly waived his right to counsel under *Faretta v. California*, 422 U.S. 806 (1975). He is thus unable to establish any alleged deficiency by trial counsel deprived him of a fair trial. *See Strickland*, 466 U.S. 668, 687 (1984) (requiring the defendant to establish "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable").

For these reasons, the Court McCoy has neglected to demonstrate a meritorious claim and is therefore unentitled to relief under Rule 60(b).

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, and in the interest of finality, it is the judgment of the Court McCoy's motions for reconsideration are **DENIED**.

Further, because the Court has entered summary judgment in favor of Palmer, McCoy's motion for judgment is necessarily **DEEMED AS MOOT**.

Inasmuch as McCoy requests a certificate of appealability from this Court, his request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 20th day of March 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.